[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter was tried before the court on March 9, 1999. At the conclusion of the trial, defendants' counsel admitted liability and so the court will treat this as a Hearing in Damages. The accident occurred on June 5, 1994.
There were only two witnesses who testified, briefly. The police officer who arrived at the scene of the accident and the plaintiff, Randy Judd, who is now 22 years of age.
The police officer testified that no one complained of any injuries at the scene of the accident.
The plaintiff testified that later in the afternoon he experienced pain and was taken by ambulance to Backus Hospital where he was given pain medication and was released.
Within a week he went back to the emergency room complaining of pain. He was released and referred to Dr. Sculco who took an MRI. This was on September 27, 1994. Exhibit 14 concludes that there are no abnormalities to be seen in the lumbar vertebral bodies and no evidence of herniated nucleus pulposis, spinal CT Page 3144 stenosis or neural foraminal narrowing.
The MRI of the shoulder was negative. Dr. Sculco's report of July 3, 1997 (Ex. 23) confirms that the MRI of the lumbar spine and cervical spine was negative. He does, however, give the plaintiff a permanent disability rating of 2.5% to the lumbosacral spine. Further, the report concludes that it is unlikely that the patient will require further medical intervention. The plaintiff still says he has pain from time to time.
Finally, testimony included from the plaintiff indicated that he missed one week of work which amounted to $200.00. No evidence from the employer as to his absence from work was offered. Similarly, there was no examination of by defendant's counsel as to the claim.
Having considered all of the evidence the court concludes that there was no contributory negligence and the defendant was fully responsible for the accident. Further, the medical reports compel the court to find that the accident was the substantial cause of the injuries suffered by the plaintiff.
Damages are assessed as follows:
Economic damages, which include medical bills in the amount of $3,248.76 and loss of wages in the amount of $200.00, total $3,448.76.
As to noneconomic damages, the court finds that the plaintiff has a permanent partial disability of 2.5% of the lumbosacral spine, has a life expectancy of 52.7 years and has had pain and suffering as a result of the accident. Further, there will be no consideration of future surgery.
The court awards the sum of $9,000 for nonexonomic damages. Judgment, therefore, may enter for the plaintiff in the amount of $12,248.76.
Mihalakos, J.